**REVISED August 29, 2019**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-11320

United States Court of Appeals
Fifth Circuit

**FILED**
August 23, 2019

Lyle W. Cayce
Clerk

WAYNE M. KLOCKE,
Independent Administrator of
the Estate of Thomas Klocke,

       Plaintiff - Appellant

v.

NICHOLAS MATTHEW WATSON,

       Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before JONES, BARKSDALE, and WILLETT, Circuit Judges.

EDITH H. JONES, Circuit Judge:

The critical issue in this appeal is whether, or to what extent, the Texas Citizens Participation Act ("TCPA"), Tex. Civ. Prac. & Rem. Code §§ 27.001- .011, which is a type of anti-SLAPP statute,[1] applies in a diversity suit in federal court. The district court held it applicable as a "substantive" matter and accordingly granted appellee Nicholas Watson's motion to dismiss and awarded attorney's fees pursuant to the TCPA. Resolving an issue that has brewed for several years in this circuit, we conclude that the TCPA does

---

[1] SLAPP is an acronym for Strategic Litigation Against Public Participation.

No. 17-11320

not apply to diversity cases in federal court and therefore **REVERSE** and **REMAND** for further proceedings.

## BACKGROUND

Appellant Wayne Klocke's son, Thomas, was a student at the University of Texas at Arlington who tragically committed suicide in June 2016 after being refused permission to graduate. Thomas was allegedly the victim of appellee Watson's false charge of homophobic harassment, for which the University administered its severe punishment after allegedly violating Title IX procedures designed to achieve due process.

As administrator of his son's estate, Klocke sued the University for Title IX violations and Watson for common law defamation and defamation *per se*. Watson moved to dismiss the defamation claims under the TCPA.

Klocke responded in a document titled "Plaintiff's Objection to Defendant Watson's Motion to Dismiss; in the alternative, Motion for Protective Order and Request for Procedural Clarification from the Court and Brief in Support." The response asserted that the TCPA is inapplicable in federal court, but it did not substantively address Watson's arguments based on the requirements of the TCPA. The objection noted that the Fifth Circuit had not explicitly held whether the TCPA applied in federal court and asked the district court to clarify "whether and how it will entertain Defendant Watson's TCPA motion to dismiss in this case . . . and what procedures and deadlines will apply." Klocke also requested the district court to clarify whether he must file a reply pursuant to the Northern District of Texas's Local Rules or at the motion hearing prescribed in the TCPA.[2] Alternatively, Klocke moved for discovery and further time to respond substantively to the TCPA motion if the court held that the TCPA was applicable.

---

[2] The TCPA mandates a motion hearing. Tex. Civ. Prac. & Rem. Code § 27.004(a)–(c).

2

No. 17-11320

The district court overruled the objection to applying the TCPA and concluded that Klocke waived any "substantive" TCPA arguments by failing to make them within twenty-one days pursuant to Local Rule 7.1(e). The district court denied his other requests and accordingly granted Watson's motion to dismiss. Later, the court awarded Watson $25,000 in attorney's fees, $3,000 in expenses, and a $1.00 sanction, all pursuant to the TCPA. The district court entered a "Final Judgment as to Certain Party."[3] Klocke timely appealed.[4]

## STANDARD OF REVIEW

This court reviews *de novo* a decision applying state law in federal court. *See Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003). The court reviews "the district court's administrative handling of a case, including its enforcement of the local rules and its own scheduling orders, for abuse of discretion." *Macklin v. City of New Orleans*, 293 F.3d 237, 240 (5th Cir. 2002). Abuse of discretion is also the test on appeal of a "court's decision to limit discovery…." *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011).

## DISCUSSION

On appeal, Klocke principally contends that the TCPA's essentially "procedural" provisions conflict with federal procedural rules and therefore do not apply in federal court. He also argues that the district court erred by enforcing its local rules and not allowing him to respond to Watson's TCPA

---

[3] The court denied the University's Rule 12(b)(6) motion to dismiss, and the case against that defendant remains pending in the district court. We nevertheless have appellate jurisdiction over this appeal as to Watson's dismissal pursuant to Federal Rule of Civil Procedure 54(b). The court's dismissal order "As to Certain Party" sufficiently explains that there was "no just reason for delay" albeit without explicit reference to the Rule itself. *See Stewart v. Miss. Transp. Comm'n,* 586 F.3d 321, 327 (5th Cir. 2009).

[4] The court also overruled Klocke's motion for reconsideration, which sought to offer evidence in support of the defamation of his son by Watson. The court, however, reiterated the "substantive" applicability of the TCPA in federal court and rejected Klocke's evidence, *inter alia*, as untimely.

motion and by denying him an opportunity to move for discovery under the TCPA.

## A.    Applying the TCPA in federal court?

The TCPA is an anti-SLAPP (Strategic Litigation Against Public Participation) statute designed to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law." Tex. Civ. Prac. & Rem. Code § 27.002.  Other states have passed similar anti-SLAPP statutes because they "have expressed concerns over the use (or abuse) of lawsuits that have the purpose or effect of chilling the exercise of First Amendment rights."  *Henry v. Lake Charles American Press, L.L.C.*, 566 F.3d 164, 169 (5th Cir. 2009).  In *Henry,* this court held that Louisiana's "nominally procedural" anti-SLAPP statute applies in federal court pursuant to the *Erie* doctrine.  *Id.* at 168–69; *see* LA. CODE CIV. PROC. art. 971.  This court has, however, passed several times on deciding whether, or to what extent, the TCPA applies in federal court.  *Cuba v. Pylant*, 814 F.3d 701, 706 & n.6 (5th Cir. 2016); *but see id.* at 719 (Graves, J., dissenting) (arguing that the TCPA cannot apply because the state statute conflicts with the Federal Rules); *Block v. Tanenhaus,* 867 F.3d 585, 589 n.2 (5th Cir. 2017) (collecting cases).  In this appeal, we are required to confront the question directly.  And we generally agree with Judge Graves's conclusion.

Codified in the Texas Civil Practice and Remedies Code, the TCPA effectuates a speedy process for resolving litigation that may impinge on a party's exercise of the rights to free speech, petition, or association.  *See* Tex. Civ. Prac. & Rem. Code § 27.003(a).  Under the statutory burden-shifting framework, if a movant for TCPA relief shows "by a preponderance of the evidence" that the action is based on the movant's exercise of the listed rights, a court must dismiss the case.  *Id.* at § 27.005(b)(1)–(3).  But if the non-movant

No. 17-11320

"establishes by clear and specific evidence a prima facie case for each element of the claim in question," the court may not dismiss. *Id.* at § 27.005(c). The movant then may show "by a preponderance of the evidence each essential element of a valid defense" to the claim and be entitled to dismissal. *Id.* at § 27.005(d). Pleadings and affidavits are permissible for evaluating the dismissal motion and responses. *Id.* at § 27.006(a). Discovery is generally stayed while the motion is pending, *id.* at § 27.003(c), subject to limited relevant discovery for good cause shown. *Id.* at § 27.006(b). Specific time limits are prescribed for the filing of the motion, holding a hearing, and ruling on the motion. *Id.* at § 27.004(a)–(c). Mandatory attorney's fees and costs are awarded to the movant if the case is dismissed, *id.* at § 27.009(a)(1), and sanctions may be imposed to deter the party who brought the legal action. *Id.* at § 27.009(a)(2).

The *Erie* line of authorities holds that substantive state law must be applied in federal courts in diversity cases like this one, but state procedural law yields to the applicable Federal Rules. *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136, 1141 (1965). Determining whether the state law is procedural or substantive may prove elusive. *See Cuba,* 814 F.3d at 718– 19 (Graves, J., dissenting). Succinctly put, however, "[a] federal court exercising diversity jurisdiction should not apply a state law or rule if (1) a Federal Rule of Civil Procedure 'answer[s] the same question' as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act." *Abbas v. Foreign Policy Grp., LLC,* 783 F.3d 1328, 1333 (D.C. Cir. 2015) (Kavanaugh, J.) (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 398–99, 130 S. Ct. 1431, 1437 (2010) (majority op.)). Courts do not "wade into *Erie's* murky waters unless the federal rule is inapplicable or invalid." *Shady Grove,* 559 U.S. at 398, 130 S. Ct. at 1437.

5

No. 17-11320

Relying on *Abbas* and like decisions, Klocke argues that the TCPA's burden-shifting framework and heightened evidentiary standards for pretrial dismissal collide with and "answer the same question[s]" as Federal Rules of Civil Procedure 12 and 56. *See also Carbone v. Cable News Network, Inc.,* 910 F.3d 1345, 1352 (11th Cir. 2018) (W. Pryor, J.); *Makaeff v. Trump Univ., LLC,* 715 F.3d 254, 275 (9th Cir. 2013) (Kozinski, C.J., concurring). We find most persuasive the reasoning of the D.C. Circuit that Rules 12 and 56, which govern dismissal and summary judgment motions, respectively, answer the same question as the anti-SLAPP statute: what are the circumstances under which a court must dismiss a case before trial? *Abbas,* 783 F.3d at 1333–34. According to the D.C. Circuit, the Federal Rules and the anti-SLAPP statute conflict because, unlike the former procedures, the D.C. anti-SLAPP provisions require the plaintiff to show "a likelihood of success on the merits." *Id.* at 1334. "The D.C. Anti-SLAPP Act, in other words, conflicts with the Federal Rules by setting up an additional hurdle a plaintiff must jump over to get to trial." *Id.; but see Godin v. Schencks,* 629 F.3d 79, 86–87 (1st Cir. 2010) (holding Maine's anti-SLAPP law does not conflict with federal rules, because "neither Fed. R. Civ. P. 12(b)(6) nor Fed. R. Civ. P. 56, on a straightforward reading of its language, was meant to control the particular issues under [Maine's anti-SLAPP statute] . . . ."); *see also Adelson v. Harris,* 774 F.3d 803, 809 (2d Cir. 2014) (approving use of Nevada anti-SLAPP law in federal court in part because "immunity" and fee-shifting statutes are substantive under *Erie*); *United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.,* 190 F.3d 963, 973 (9th Cir. 1999).

The court in *Abbas* was heavily influenced by the Supreme Court's decision in *Shady Grove,* where a New York statute largely copied the requirements for class certification under Rule 23 but added that a suit "to recover a penalty, or minimum measure of recovery created or imposed by

statute may not be maintained as a class action." *Shady Grove*, 559 U.S. at 396 n.1,   130 S. Ct.   at   1436   n.1.     Holding   the   state   law unenforceable in federal court, the Supreme Court decided that Rule 23 "creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Id.* at 398, 130 S. Ct. at 1437. After all, "Rule 23 permits all class actions that meet its requirements, and a State cannot limit that permission by structuring one part of its statute to track   Rule 23   and   enacting   another   part   that   imposes   additional requirements." *Id.* at 401, 130 S. Ct. at 1439.  In other words, both statutes answered the same question, "whether a class action may proceed for a given suit," *id.,* but the state rule imposed additional requirements that Rule 23 did not.

In sum, *Shady Grove* and *Abbas* hold that a state rule conflicts with a federal procedural rule when it imposes additional procedural requirements not found in the federal rules.  The rules "answer the same question" when each specifies requirements for a case to proceed at the same stage of litigation.

Because the TCPA's burden-shifting framework imposes additional requirements beyond those found in Rules 12 and 56 and answers the same question as those rules, the state law cannot apply in federal court.   Under Rule 12(b)(6), a federal court may dismiss a case for failure to state a claim upon which relief may be granted if, accepting all well-pleaded factual allegations as true, the complaint does not state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 1949–50 (2009).  This is not an insuperable pleading barrier, and it requires no evidentiary support: "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and   unlikely."     *Bell   Atl.   Corp.   v.   Twombly,*   550 U.S.   544,   556, 127 S. Ct. 1955, 1965 (2007) (quotation marks omitted).  Rule 56 states that a

7

court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party resisting summary judgment succeeds simply by showing that a material fact issue exists and requires trial by a factfinder. In ruling on a summary judgment motion, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986). Summary judgment motions are normally resolved after the discovery process has concluded or sufficiently progressed.

In contrast to the federal procedural requirements, the TCPA imposes additional requirements that demand judicial weighing of evidence. Thus, confronted with a motion to dismiss under the TCPA, the court must determine "by a preponderance of the evidence" whether the action relates to a party's exercise of First Amendment rights. Tex. Civ. Prac. & Rem. Code § 27.005(b)(1)-(3). The court must also determine whether there is "clear and specific evidence" that a plaintiff can meet each element of his claim. *Id.* at § 27.005(c). "Clear and specific evidence" must be, *inter alia*, "unambiguous, sure, or free from doubt." *In re Lipsky,* 460 S.W.3d 579, 590 (Tex. 2015). The standard, which lies somewhere between the state's pleading baseline and the standard necessary to prevail at trial, *id.* at 591, in any event exceeds the plaintiff's Rule 56 burden to defeat summary judgment. Finally, the court must determine "by a preponderance of the evidence" if the defendant can establish a valid defense to the plaintiff's claim. Tex. Civ. Prac. & Rem. Code § 27.005(d). All these determinations are to be made while discovery normally available in federal court is circumscribed by the TCPA, except for "good cause." *Id.* at §§ 27.003(c), 27.006(b). Because the TCPA imposes

evidentiary weighing requirements not found in the Federal Rules, and operates largely without pre-decisional discovery, it conflicts with those rules.[5]

Watson advocates the reasoning of the First Circuit, which held that the Maine anti-SLAPP statute's requirement that a plaintiff show probable success "does not seek to displace the Federal Rules or have Rules 12(b)(6) and 56 cease to function." *Godin*, 629 F.3d at 88. To be sure, nothing about the TCPA suggests that a party could not file a Rule 12 or 56 motion in federal court alongside a TCPA motion to dismiss. The TCPA states that it "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions." Tex. Civ. Prac. & Rem. Code § 27.011(a). Watson's reasoning boils down to the idea that the federal rules impose only minimum procedural requirements and state rules may build upon them. "But the test of whether a conflict between the Federal Rules and a state statute exists is not whether it is logically possible for a court to comply with the requirements of both, but whether the Federal Rules in question are 'sufficiently broad to control the issue before the court.'" *Carbone*, 910 F.3d at 1355. Further, the Federal Rules impose comprehensive, not minimum, pleading requirements. Rules 8, 12, and 56 "provide a comprehensive framework governing pretrial dismissal and judgment." *Id.* at 1351. These rules "contemplate that a claim will be assessed on the pleadings alone or under the summary judgment standard; there is no room for any other device for determining whether a valid claim supported by sufficient evidence [will] avoid pretrial dismissal." *Id.* Watson's reasoning also

---

[5] This analysis does not even reach the time constraints imposed by the TCPA for motions and rulings on dismissals, analogies to which are found nowhere in the Federal Rules. Although this court analyzed a timeliness requirement in *Cuba*, we did so because no party had challenged whether such provisions of the TCPA run afoul of *Erie* and *Shady Grove*. *Cuba*, 814 F.3d at 706 n.6.

No. 17-11320

contravenes *Shady Grove*'s conclusion that states may not superimpose additional requirements on the Federal Rules where the provisions "answer the same question."[6]

The practical conflict caused by application of the TCPA in federal court is exemplified in this case, where appellee Watson sought dismissal predicated solely on the TCPA without alluding to Rule 12(b)(6). Klocke was understandably thrown off balance by this selective choice of procedure, but he was additionally waylaid when the court applied its own Local Rule deadline for his response to the motion while declining to explain how the TCPA, including its limits on discovery, would apply in the case. This court also grappled with overlap between the TCPA and the Federal Rules in *Cuba,* which had to figure out the impact of the TCPA's denial of a motion to dismiss by operation of law, Tex. Civ. Prac. & Rem. Code § 27.008(a), on the timeliness of an appeal to this court. And in *Henry,* to which we turn momentarily, whether to grant an interlocutory appeal of the denial of a motion to dismiss proved vexing.

Describing the rights afforded certain litigants under the TCPA as "substantive" fails to address the uncertainty caused by the state statute's ongoing conflict with federal rules. We do not disregard the statute's expressed purpose to safeguard the exercise of protected First Amendment rights by expediting such cases to conclusion. But Judge Kozinski's summary of the

---

[6] Klocke also alleges that the TCPA's attorney's fees and sanctions provisions conflict with Rules 12(b)(6) and 56. But we need not discuss that issue in detail because those provisions are not applicable apart from the burden-shifting early dismissal framework. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a) ("If the court orders dismissal of a legal action *under this chapter*, the court shall award to the moving party" attorney's fees and possible sanctions.) (emphasis added). Suffice to say that because the TCPA does not apply in federal court, the district court erred by awarding fees and sanctions pursuant to it.

No. 17-11320

operation of a California anti-SLAPP statute pertains equally to the TCPA: the statute

> creates no substantive rights; it merely provides a procedural mechanism for vindicating existing rights. The language of the statute is procedural. . . . The statute deals only with the conduct of the lawsuit; it creates no rights independent of existing litigation; and its only purpose is the swift termination of certain lawsuits the legislators believed to be unduly burdensome.

*Makaeff,* 715 F.3d at 273 (Kozinski, C.J., concurring) (citation omitted).

Because a conflict exists, we must also decide, although there is really no doubt, whether Rules 12 and 56 are "a valid exercise of Congress's rulemaking authority" under the Rules Enabling Act. *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011); *see Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 5, 107 S. Ct. 967, 969–70 (1987). These federal rules represent such a valid exercise. "So far, the Supreme Court has rejected every challenge to the Federal Rules that it has considered under the Rules Enabling Act." *Abbas*, 783 F.3d at 1336. As *Sibbach* explains, "any federal rule that 'really regulates procedure' is valid under the Rules Enabling Act." *Id.* at 1337 (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14, 61 S. Ct. 422, 426 (1941)). Rules 12 and 56

> are valid under the Rules Enabling Act because they define the procedures for determining whether a claim is alleged in a sufficient manner in a complaint and whether there is a genuine dispute of material fact sufficient to warrant a trial. These Rules affect[] only the process of enforcing litigants' rights and not the rights themselves, and thus really regulate procedure.

*Carbone*, 910 F.3d at 1357 (quotation marks and internal citation omitted) (alteration in original).

Watson's most important potential support derives from the one case in which this court applied the burden-shifting Louisiana anti-SLAPP statute,

11

No. 17-11320

LA. CODE CIV. PROC. art. 971, and dismissed a case because the plaintiff had not met its "high burden" of rebutting the motion by showing "a probability of success" on its claim. *Henry,* 566 F.3d at 169, 182. In *Henry,* the court stated that "Louisiana law, including the nominally-procedural Article 971, governs this diversity case." *Id.* at 168–69. But the court did not discuss the potential conflict between the state law and federal rules, and *Henry* preceded the decision in *Shady Grove.* A series of subsequent decisions in this court has pointedly declined to hold *Henry* controlling on the applicability of the TCPA, although none of the Texas anti-SLAPP appeals ultimately turned, as does this case, on actual application of the TCPA's shifting burdens.

Although this question is not free from doubt, we conclude that *Henry* is not binding on this panel under our rule of orderliness. *United States v. Boche-Perez,* 755 F.3d 327, 334 (5th Cir. 2014) ("[A] panel of the court cannot overturn a prior panel decision absent an intervening change in the law . . . .") (quotation marks omitted). *Henry* interprets a different statute, albeit a different version of an anti-SLAPP statute. The two states' laws differ in that Texas imposes higher and more complex preliminary burdens on the motion to dismiss process[7] and imposes rigorous procedural deadlines.[8] The conflict between the Texas law and the Federal Rules is manifest, while the comparable conflict

---

[7] Texas requires the movant for dismissal to show by a "preponderance of the evidence" that the lawsuit is based on the movant's exercise of the right to free speech, petition, or association. Tex. Civ. Prac. & Rem. Code § 27.005(b)(1)-(3). Louisiana requires a "prima facie showing." *Henry*, 566 F.3d at 170. Texas requires the non-movant to set out a prima facie case on each element of its claim by "clear and specific evidence," and then authorizes rebuttal by a "preponderance of the evidence" on each element of a valid defense to the claim. Tex. Civ. Prac. & Rem. Code § 27.005(c)-(d). Louisiana requires the plaintiff to demonstrate "a probability of success on his claim." LA. CODE CIV. PROC. art. 971(A)(1), (3).

[8] The motion to dismiss must generally be filed within 60 days of service of process, the court must generally hold a hearing no later than 60 days following service of the dismissal motion, and the court must generally rule on the motion within 30 days after the hearing. Tex. Civ. Prac. & Rem. Code §§ 27.003(b), 27.004(a)-(b), 27.005(a).

between the Federal Rules and Louisiana law is less obvious. *See, e.g., Block,* 815 F.3d at 221 ("[A] non-movant's burden in opposing an Article 971 motion to strike is the same as that of a non-movant opposing summary judgment under Rule 56"). In addition, there is no indication in *Henry* that the court considered the potential overlap or conflict between the Louisiana anti-SLAPP provision and the Federal Rules, nor is it obvious that that case would have been decided differently, e.g., on summary judgment under the Federal Rules. And of course, the *Henry* panel did not have the benefit of the Supreme Court's compelling decision in *Shady Grove*. For these reasons, we conclude that this panel is not bound by a non-argued, undecided issue in another case interpreting another state's dissimilar statute.

### B.     The district court's enforcement of the local rules

Klocke also asserts that the district court erred by enforcing the Northern District of Texas's Local Rules and holding that he missed the deadline to respond to Watson's TCPA motion. Because we conclude that the TCPA does not apply in this diversity case in federal court, Klocke's ostensible waiver is irrelevant. Klocke expressly preserved his argument that the Fifth Circuit had not explicitly held whether the TCPA applied in federal court. He is now entitled to pursue his case under the Federal Rules unhindered by the TCPA. He is likewise free to pursue discovery apart from the district court's denial of discovery under the TCPA.

### CONCLUSION

The district court's judgment of dismissal is **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this opinion.